UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TURO INC.,<br><br>          Movant,<br><br>     v.<br><br>AVIS BUDGET GROUP, INC.,<br><br>          Respondent. | Misc. Case No. 1:21-mc-00793-PGG |

**AVIS BUDGET GROUP, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO**
<u>**TURO INC.'S MOTION TO COMPEL**</u>

MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone:  (212) 547-5400
Facsimile:   (212) 547-5444

*Attorneys for Avis Budget Group, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF RELEVANT FACTS ......................................................................... 2

LEGAL STANDARD ....................................................................................................... 4

ARGUMENT ..................................................................................................................... 5

    A.    Turo Seeks Irrelevant Materials Not Proportional to the Needs of the Action ................................................................................................... 5

    B.    Turo Improperly Seeks ABG's Highly Confidential and Proprietary Information ............................................................................. 7

    C.    Turo Has Not Established That ABG Is the Only Source of Discoverable Information ............................................................................. 9

CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alcon Vision, LLC v. Allied Vision Grp., Inc.*,
  2019 WL 4242040 (S.D.N.Y. Sept. 6, 2019) ................................................................. 7, 9

*Ameritox, Ltd. v. Millenium Labs, Inc.*,
  2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) ..................................................................... 9

*Arista Recs. LLC v. Lime Grp. LLC*,
  2011 WL 781198 (S.D.N.Y. Mar. 4, 2011) ........................................................................ 5

*Banner Indus. of N.E., Inc. v. Wicks*,
  2013 WL 5722812 (N.D.N.Y. Oct. 21, 2013) .................................................................... 8

*City & Cty. of San Francisco v. Purdue Pharma L.P.*,
  2021 WL 1111146 (N.D. Cal. Mar. 23, 2021) ................................................................. 10

*In re Candor Diamond Corp.*,
  26 B.R. 847 (S.D.N.Y. 1983) ............................................................................................. 8

*Evans v. Calise*,
  1994 WL 185696 (S.D.N.Y. May 12, 1994) ................................................................. 5, 6

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
  2018 WL 6712769 (S.D.N.Y. Nov. 30, 2018) ................................................................... 5

*Kaye v. New York City Health & Hosps. Corp.*,
  2020 WL 7237901 (S.D.N.Y. Dec. 9, 2020) ..................................................................... 5

*In re Namenda Direct Purchaser Antitrust Litig*,
  2017 WL 4700367 (S.D.N.Y. Oct. 19, 2017) .................................................................... 9

*Solow v. Conseco, Inc.*,
  2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) .................................................................. 5, 7

**Other Authorities**

Federal Rule of Civil Procedure 26 ............................................................................................ 4

Fed. R. Civ. P. 26 Advisory Committee's Notes to 2015 Amendment ...................................... 5

Federal Rule of Civil Procedure 45 ........................................................................................ 5, 7

Avis Budget Group, Inc. ("ABG") respectfully submits this memorandum of law in opposition to the motion of Turo Inc. ("Turo") to compel ABG to comply with its defective and improper subpoena.

## INTRODUCTION

Turo's misplaced motion to compel (the "Motion" or "Turo Mot.") is the latest misstep in its scorched-earth litigation tactics, which are burdening courts around the country. This Motion concerns a non-party subpoena issued to ABG in connection with Turo's lawsuit against the City of Los Angeles ("City"), in which Turo seeks to obtain all the benefits a car rental company enjoys without having to obtain the necessary permits or abide by local regulations.

The subpoena is unduly burdensome, improperly motivated and, if enforced, would cause competitive harm to ABG and other non-parties. Turo is a direct competitor of ABG's Avis and Budget car rental companies, and also of car-sharing companies Uber and Lyft. Turo claims that its subpoena to ABG seeks documents that will support Turo's "equal protection and unfair competition claims and defenses," but, in reality, demands production of confidential, non-public information about a number of competitors, including Avis and Budget, and also Uber and Lyft. Turo's subpoena also improperly attempts to supplement party discovery in the underlying action by burdening non-party ABG with filling in alleged "gaps" in the City's production.

Turo's subpoena and its requests are thus improper under the Federal Rules of Civil Procedure and the Motion should be denied. Turo seeks irrelevant documents, the collection of which would impose an undue burden on ABG, and the production of which would compromise ABG's confidential and proprietary communications with Uber, Lyft, and the City, and expose competitive secrets to a competitor.

**STATEMENT OF RELEVANT FACTS**

Turo offers a "peer-to-peer" car rental service, allowing, for example, a private car owner to rent a car to a traveler at Los Angeles International Airport ("LAX"). Non-party ABG is the parent company of the well-known car rental companies Avis Car Rental and Budget Car Rental. Turo's service fundamentally differs from those of ABG's rental companies in that Avis and Budget provide rental cars directly to both personal drivers and commercial drivers—those who work for Uber or another similar ride-sharing service—while Turo provides a platform for any car owner to lend their cars to any other person. However, the companies compete with each other for business, i.e., individuals looking to rent a car. (November 24, 2021 Declaration of Patrick Lynch ("Lynch Decl.") ¶ 3).

On July 6, 2021, Turo served a subpoena for documents on ABG in connection with the case captioned *Turo Inc. v. City of Los Angeles,* No. 2:18-cv-6055 (C.D. Cal) (the "Action"). (November 26, 2021 Declaration of Jason D. Gerstein ("Gerstein Decl.") Ex. 1). In the Action, Turo seeks a declaratory judgment that it is not subject to various California regulations, taxes, and fees governing car rental companies, and to preclude the City from compelling Turo to apply for a rental car company permit and prohibiting Turo's users from exchanging vehicles at or near LAX.

The subpoena demanded that ABG produce:

- All documents and communications concerning [ABG's] curbside operations at LAX, including but not limited to any partnerships with Uber or Lyft;

- All agreements between [ABG] and Uber concerning car rentals offered at or near LAX;

- All agreements between [ABG] and Lyft concerning car rentals offered at or near LAX;

- All communications between [ABG] and [the Los Angeles World Airports ("LAWA")] concerning your agreements with [Transportation Network Companies] to offer car rentals at or near LAX; and

- All communications between [ABG] and LAWA concerning peer-to-peer car sharing programs, including but not limited to Turo.

(*Id.*) The subpoena defines the word "Documents" as "used in its broadest sense, and is defined to be synonymous in meaning and equal in scope to 'documents,' 'electronically stored information,' and/or 'tangible things' as used the [*sic*] definition in Federal Rule of Civil Procedure 34 and 45." (*Id.* at 2.) Communications are defined as "any transmission of information from one person or entity to another by any means in the form of facts, ideas, inquiries or otherwise." (*Id.*) ABG and Turo agreed to extend ABG's time to respond to the subpoena until July 23, 2021. (Gerstein Decl. Ex. 2.) On July 23, 2021, ABG served objections to Turo's subpoena on the grounds that the requests seek highly confidential financial and strategic information, including contractual and other business information about ABG, Avis, and Budget which would harm which would harm ABG, Avis, and Budget if produced to Turo. (Gerstein Decl. Ex. 3.)

On July 30, 2021, counsel for ABG and Turo telephonically met and conferred regarding the subpoena. (Gerstein Decl. Ex. 2.) Following the call, Turo reiterated its demands and specifically stated its first three requests are "squarely relevant to Turo's defense." (*Id.*) Without waiving its objections, counsel for ABG confirmed that because ABG and its affiliated entities do not carry out peer-to-peer rentals at LAX, ABG possesses no evidence relevant to Turo's claim that the City treats similarly situated entities differently. (*Id.*)

On October 7, 2021, counsel telephonically met and conferred again regarding the subpoena. (Gerstein Decl. Ex. 2.) Turo subsequently informed ABG that non-party Uber, which Turo had also subpoenaed, had agreed to produce some documents but would not agree to produce

3

documents relating to the "Uber Rent" program, which allows certain existing Uber drivers over the age of 25 to rent a vehicle from Avis. (*Id*.) The Uber app also allows for regular users to rent a vehicle from Avis or Budget, but they must take a shuttle bus to a remote location and cannot utilize curbside pick-up or drop-off services at LAX. (Lynch Decl. ¶ 5.) Counsel for ABG responded that given confidentiality concerns, ABG could not produce anything relating to Uber Rent without Uber's consent. *Id.* Moreover, the Uber Rent program is irrelevant to the Action because, unlike Turo's "peer-to-peer" service, ABG does not have a partnership with Uber to provide curbside pick-up or drop-off services to Uber customers who seek rental cars. (Lynch Decl. ¶ 5.) Nevertheless, in response to the subpoena and Motion, a search was performed to see if any communications with the City of Los Angeles or LAWA (which operates LAX) existed concerning Uber Rent or Lyft Rentals. (*Id.* ¶ 7.) None were located. (*Id.*)[1]

Notwithstanding ABG's objections and the lack of relevance of Turo's requests, Turo served the Motion on November 11, 2021 seeking an order compelling ABG to produce all documents requested in the subpoena.

## LEGAL STANDARD

Rule 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the ***parties' relative access to relevant information,*** the parties' resources, the importance of the discovery in resolving the issues, and ***whether the burden or expense of the proposed discovery outweighs its likely benefit.***

---

[1] Contrary to Turo's assertion in the Motion, ABG does not have a partnership with Lyft relating to Los Angeles or LAX. (Lynch Decl. ¶ 6.)

(emphasis added). Rule 26 was amended in 2015 to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." FED. R. CIV. P. 26 Advisory Committee's Notes to 2015 Amendment.

Subpoenas issued pursuant to Rule 45 are subject to the relevance requirement of Rule 26(b)(1), and the party issuing the subpoena "bears the initial burden of showing that the discovery sought falls within the scope of Rule." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 6712769, at *5 (S.D.N.Y. Nov. 30, 2018) (citation omitted). "[S]pecial weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation . . . [and] the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the nonparty." *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011) (citations and quotation marks omitted) (collecting cases). The party seeking discovery must make a "'*prima facie* showing that the discovery sought is more than merely a fishing expedition.'" *Kaye v. New York City Health & Hosps. Corp.*, 2020 WL 7237901, at *4 (S.D.N.Y. Dec. 9, 2020) (citation omitted).

Additionally, a court may "quash, modify or condition a subpoena to protect a person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Solow v. Conseco, Inc.*, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) (quotation omitted).

## ARGUMENT

### A.  Turo Seeks Irrelevant Materials Not Proportional to the Needs of the Action

At the outset, Turo's subpoena fails to make a *prima facie* showing that its discovery is not a mere "fishing expedition." *Kaye*, 2020 WL 7237901, at *4; *see also Evans v. Calise*, 1994 WL

5

185696, at *1 (S.D.N.Y. May 12, 1994) (Rule 26(b)(1) does not "allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.") (citation and quotation marks omitted).

Turo argues that the subpoena seeks discovery relevant to (i) its claim that the City "treats Turo differently than similarly situated entities" and (ii) Turo's defense against the City's unfair competition claim that its conduct near LAX is "not unfair to rental car companies." Turo Mot. at 10. The subpoena is based exclusively on Turo's assumption that ABG engaged in discussions with LAWA about ride-sharing company partnerships and "peer-to-peer car sharing programs." This assumption is wrong. Moreover, none of Turo's requests is tailored to Turo's arguments and thus are not "proportional to the needs of the case." *Evans*, 1994 WL 185696, at *1.

*First*, Turo misstates ABG's relationship with ride-sharing companies Uber and Lyft, which in no way makes ABG "similarly situated to Turo." ABG has no relationship with either Uber or Lyft that provides customers with "short-term car usage, with the option of terminal-curbside or termina-adjacent personal-car pickups and drop-offs at LAX." Turo Mot. at 11. ABG has no partnership with Lyft at LAX, and its partnership with Uber does not involve curbside pick-up or drop-off services. (Lynch Decl. ¶¶ 5-6.) Turo does not establish how that partnership would be relevant to any of Turo's claims or defenses, or how it is "similar" to Turo's "peer-to-peer" car rental service. Far from similar, it is not even in the same ballpark. Turo's factual inaccuracy thus undercuts the core premise of its subpoena to ABG.

*Second*, Turo cannot demonstrate how its document requests are relevant to its purported "defense" against the City's unfair competition claim, i.e., that its conduct is not unfair to car rental companies. As stated above, Turo's subpoena rests on the false premise that ABG partners with

6

Uber and Lyft to conduct "terminal-curbside or terminal-adjacent personal-car pickups and drop-offs at LAX." Turo Mot. at 12. The public websites of Avis Car Rental, Uber, and Lyft clearly indicate that Uber's partnership with ABG is limited to Uber drivers and that ABG does not have a similar partnership in place with Lyft.[2]

*Third*, even if Turo could demonstrate relevance, its requests—including, for instance, its request for "*all* documents and communications" concerning ABG's "curbside operations at LAX"—are overbroad and burdensome, and lack proportionality to the needs of the Action. *See Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *3 (S.D.N.Y. Sept. 6, 2019) (holding subpoena as overbroad because it requests "all documents" in connection with several topics, and documents were defined as "any kind of written, typewritten, photographic, or printed material whatsoever and any computer-readable material, including, without limitation, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, statements, personal diaries, records, books, maps, blueprints, forms, transcriptions and recordings, magnetic tapes, discs, and printed cards that are in Your possession, custody, or control").

**B.      Turo Improperly Seeks ABG's Highly Confidential and Proprietary Information**

Under Rule 45(c)(3)(B)(i), a court may "quash, modify or condition a subpoena to protect a person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Solow*, 2008 WL 190340, at *3 (quoting Advisory Committee's Notes to the 1991 amendments of Rule 45). Courts may quash or modify a subpoena if it "requires

---

[2] *See* AVIS | UBER | AVIS RENT A CAR, https://www.avis.com/en/uber (last visited Nov. 18, 2021); AVIS CAR RENTAL PARTNERSHIP | UBER, https://www.uber.com/us/en/drive/vehicle-solutions/avis/ (last visited Nov. 18, 2021); LYFT EXPRESS DRIVE, https://www.lyft.com/expressdrive (last visited Nov. 18, 2021).

7

the answering party to disclose a trade secret," and courts in this Circuit are "keenly sensitive to the burden imposed upon a non-party witness who may be subject to irreparable harm and prejudice for exposing its proprietary information." *Banner Indus. of N.E., Inc. v. Wicks*, 2013 WL 5722812, at *8 (N.D.N.Y. Oct. 21, 2013) (collecting cases). Where, as here, a subpoena "ha[s] little or no relevance to the claims and defenses in a particular action, while having the potential of disclosing confidential or proprietary information that could create a contemporary and possibly an uncompromising competitive business edge over others, a court should consider quashing the subpoena." *Banner*, 2013 WL 5722812, at *8 (citing *Solow,* 2008 WL 190340, at *5); *see also In re Candor Diamond Corp.,* 26 B.R. 847, 849 (S.D.N.Y. 1983) ("Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of confidential information.").

Turo is a direct competitor of ABG *and* Uber and Lyft. Turo's subpoena demands production of "all documents and communications" between ABG and Uber or Lyft regarding "curbside operations" or "car rentals" offered at LAX, and a slew of confidential contracts. Not only do the requested documents and communications have no relevance to Turo's claims and defenses (as set forth above), an order compelling ABG to produce documents responsive to the subpoena will cause "irreparable harm and prejudice" to ABG by exposing its highly confidential information, including (among other things) detailed communications about negotiations surrounding the ABG-Uber partnership for Uber drivers, to a competitor who seeks to attract business from the same clientele (i.e., customers seeking car rentals at LAX). *See Banner*, 2013 WL 5722812, at *8. ABG's agreements and communications with Uber are subject to confidentiality restrictions and Uber has objected to their production. (November 24, 2021

Declaration of Caleb Varner ("Varner Decl.") ¶ 4.) As such, the motion to compel should be denied.

C.     **Turo Has Not Established That ABG Is the Only Source of Discoverable Information**

Relying on *In re Namenda Direct Purchaser Antitrust Litigation*, Turo contends ABG must produce documents responsive to Requests 4 and 5—but unlike the party compelled to produce in *Namenda*, ABG is not "the only source for the requested information." Turo Mot. at 10, 13-15; *In re Namenda Direct Purchaser Antitrust Litig*, 2017 WL 4700367, at *3 (S.D.N.Y. Oct. 19, 2017). While the City contends its document production is complete, Turo has argued that the City's productions are missing relevant date ranges and that the City has declined to apply additional search terms. Turo should move to compel the City, not burden ABG with the task of filling gaps in party discovery simply because the parties could not agree to certain search terms, or because Turo suspects ABG "may have preserved different documents than the City," or because the City may have "gaps" in its production. The Court can, and should, limit non-party discovery if "the party seeking discovery has ample opportunity to obtain the information by discovery in the action." *Alcon Vision*, 2019 WL 4242040, at *2 (citation and quotation marks omitted); *see also Ameritox, Ltd. v. Millenium Labs, Inc.*, 2012 WL 6568226, at *3 (N.D. Ill. Dec. 14, 2012) ("A district court may limit any discovery that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information . . . [and] non-parties[] are entitled to greater protection in the discovery process than parties in the litigation.").

Similarly unavailing is Turo's contention that ABG should be forced to search for and produce "documents that the City has withheld" pursuant to the deliberative process privilege applicable under California law, which governs the underlying litigation. *See City & Cty. of San Francisco v. Purdue Pharma L.P.*, 2021 WL 1111146, at *2 (N.D. Cal. Mar. 23, 2021) (Cal. Evid. Code § 1040 "provides a privilege to a public entity to refuse to disclose information acquired in confidence if 'there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure.'") Non-party ABG should not be in the middle of party discovery disputes. If the City has indeed withheld a "vast trove of documents" on privilege, as Turo contends, Turo should take it up with the City in the California Court. Turo should not, however, be permitted to pierce the City's asserted privilege by obtaining documents from a non-party in a different forum.

## CONCLUSION

For the reasons set forth above, ABG respectfully requests that the Court deny Turo's motion to compel compliance with its subpoena.

Dated: November 26, 2021  
New York, New York

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: ___/s/ Jason Gerstein_____  
Jason D. Gerstein  
One Vanderbilt Avenue  
New York, New York 10017  
(212) 547-5400  
jgerstein@mwe.com

*Attorneys for Avis Budget Group, Inc.*